IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 19-00088-KD |
| | ) |
| KENNEDY WINSTON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Motion to Terminate Supervised Release Term filed by Defendant Kennedy Winston (doc. 66) and the United States' response (doc. 69). Upon consideration, and for the reasons set forth herein, the Motion is GRANTED.[1]

In March 2019, Winston was indicted for the offense of conspiracy to possess with intent to distribute marijuana. He pled guilty and was sentenced on November 22, 2019, to eighteen (18) months in the custody of the Bureau of Prisons with a five (5) year term of supervised release to follow. On September 18, 2020, Winston was released and began his term of supervision. Winston, who played basketball for the University of Alabama and the European Professional Basketball League, now moves the Court for early termination of supervision because he has been offered a position in Rome, Italy as an assistant coach and general manager with the European Professional Basketball League.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the

---

[1] No evidentiary hearing is necessary. The relief sought is favorable to Winston, does not extend his term of supervised release, and the United States does not object (doc. 69). Fed. R. Crim. P. 32.1(c)(2)(B) & (C).

defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Winston has met the statutory requirement that he serve at least one year of supervision. Therefore, the Court considers the relevant factors in 18 U.S.C. § 3553(a) to determine whether his conduct and the interests of justice warrant early termination. Specifically, the Court has considered the "nature and circumstances" of Winston's offense and his "history and characteristics" 18 U.S.C. § 3553(a)(1), and the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

As to Winston's conduct during supervision, his supervising Probation Officer reports that he has complied with all special conditions of supervision, maintained employment, obtained a commercial driver's license, currently works full-time as a truck driver, and mentors and coaches through his organization – Confidence Skills Training, LLC.  The Probation Officer also reports that Winston has "exceeded expectations and consistently taken steps to better his life since his release from custody" and has "demonstrated a willingness to remain lawful beyond the period of supervision, through his actions on supervision." The Probation Officer has no objection to early termination and supports this opportunity for Winston to move forward with his career in basketball.

The United States has no objection to early termination (doc. 69)

Upon consideration of the foregoing, the Court finds that early termination would serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct" 18 U.S.C. § 3553(a)(2)(A) and (B).  The Court specifically acknowledges that Winston has complied with all special conditions of release, maintained steady employment, worked as a mentor and coach, and recently gained employment with the European Professional Basketball League.  The Court also acknowledges the Probation Officer's opinion that Winston has "exceeded expectations and consistently taken steps to better his life since his release from custody."

Accordingly, the Court is satisfied that Winston's present conduct and the interests of justice warrant early termination of his supervision. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the 25th day of July 2022.

>  **/s / Kristi K. DuBose**
>  **KRISTI K. DuBOSE**
>  **UNITED STATES DISTRICT JUDGE**